UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMMY PHILLIPS,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 09-CR-20075
CIVIL CASE NO. 12-CV-10851

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND RESPONDENT'S
MOTION TO DISMISS MOTION TO VACATE SENTENCE**
(Docs. 36, 44)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to vacate (Doc. 34) be **DENIED** and the motion to dismiss (Doc. 44) be **GRANTED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Jammy Phillips ("Phillips") and Respondent's motion to dismiss, which is akin to a response to Phillips' motion to vacate. Phillips also filed a response to the

motion to dismiss. (Doc. 48, 49.)[1] Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Phillips was charged in a one-count superseding indictment with possession with intent to distribute five grams or more of a mixture containing cocaine base, i.e. crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 12.)

On July 21, 2009, Phillips pleaded guilty to the sole count of the superseding indictment pursuant to a Rule 11 plea agreement filed on the same date. (Doc. 19.) According to the plea agreement, the conviction entered removed any reference to or requirement for any particular quantity of cocaine so that Phillips would not be subject to the mandatory minimum sentence. (Doc. 19 at 2; Doc. 25 at 8-9.) After considering the 18 U.S.C. § 3553 factors, the Court sentenced Phillips within the applicable guideline range of 151 to 188 months; he was sentenced to a term of 169 months. (Doc. 26 at 13.) On November 3, 2009, judgment was entered and Phillips was committed to the Bureau of Prisons. (Doc. 24 at 2.)

Phillips appealed his sentence and, on February 4, 2011, the Sixth Circuit held that the sentence imposed was not unreasonable. (Doc. 34.)[2]

Phillips filed the instant motion to vacate his sentence on February 24, 2012. (Doc. 36.) In the motion, Phillips contends that: (1) he was "coerced into accepting a guilty plea"; (2) the "court lacked jurisdiction to impose judgment on [him] for facts not charged or admitted by [him]"; (3) he "was denied his Sixth Amendment right to confront the forensics analyst report of the drugs"

---

[1] It appears that the same document was filed at docket numbers 48 and 49.

[2] The mandate issued on February 28, 2011. (Doc. 35.)

2

and "counsel was ineffective for not challenging the government analyst forensics used to determine the actual quantity and purity of drugs used to convict defendant"; and (4) "counsel was ineffective for failing to investigate the prior convictions being used to enhance [his sentence]." (Doc. 36 at 4-5.)

### C. Analysis and Conclusions

### 1. Waiver

Respondent contends that Phillips's "motion should be denied because he was waived his right to challenge in a post-conviction proceeding, including under 18 United States Code § 2255, his conviction or sentence." (Doc. 44 at 6.)

The appellate waiver in the instant Rule 11 plea agreement states as follows:

> The defendant waives his/her right to appeal his/her conviction(s) and may only appeal or otherwise challenge any part of his/her sentence(s) to which he/she has not stipulated in this plea agreement and attached worksheets . . . . Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(Doc. 19 at 6.)

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)); *accord United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Therefore, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord*

*Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) ("plea agreement waivers of § 2255 rights are generally enforceable"). However, "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Acosta*, 480 F.3d at 422.

However, "[e]nforcing appeal waivers makes good sense as well. A waiver of appellate rights gives a defendant a means of gaining concessions from the government. The government benefits, too, by saving the time and money involved in arguing appeals." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012). Therefore, as long as the plea was knowing and voluntary, and not the product of ineffective assistance of counsel, the appellate waiver will be enforced. *Id.*

### a. Knowing and Voluntary Plea (Ground One)

Ground one asserts that Phillips was "coerced into accepting a guilty plea[.]" (Doc. 36 at 4.) Where a petitioner "argues that his plea was not knowing or voluntary . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Acosta*, 480 F.3d at 422. Therefore, the court must determine whether the plea was knowing or voluntary before enforcing the waiver.

The record reveals that Phillips's plea was knowing and voluntary. The Sixth Circuit found that "Phillips's guilty plea was constitutionally valid and that the district court complied with the procedural requirements of Fed. R. Crim. P. 11" and "confirmed Phillips's understanding of the

plea agreement, including the limited waiver of his appellate rights." (Doc. 34 at 2.) At the plea hearing, the court asked questions to determine Phillips's ability to understand the plea process, advised him of the potential penalties and assured that Phillips understood them, advised Phillips of all the rights he would be giving up by pleading guilty, and advised Phillips of the civil rights consequences that would occur if he pleaded guilty. (Doc. 25 at 1-13.) The government then explained the contents of the Rule 11 plea agreement and read the entirety of the appellate rights waiver. (*Id*. at 13-15.) The court then asked Phillips if he heard anything that was different from his understanding of the agreement, and Phillips responded, "no." (*Id*. at 16.) When asked whether anyone had offered him anything to try to convince him to plead guilty or whether anyone used force or coercion to try to convince him to plead guilty, Phillips responded, "no, sir" to both questions. (*Id*. at 16.) After carefully determining the factual basis for the plea, the court found that Phillips offered his plea freely and voluntarily and thus, the court accepted the plea. (*Id*. at 27.)

     I therefore suggest that Phillips's assertion that his plea was "coerced" is defeated by the record and his own statements made under oath. I also note that Phillips states that he was "coerced" to satisfy the government in hopes of receiving a more lenient sentence" (Doc. 36 at 4) which is precisely the "means of gaining concessions from the government" that enforcement of appellate waivers protects. *Toth*, 668 F.3d at 379. I therefore suggest that since the plea was knowing and voluntary, the appellate waiver, which included a waiver of collateral attacks such as the instant § 2255 motion to vacate, should be enforced. I therefore suggest that the motion to vacate be denied and Respondent's motion to dismiss be granted.

5

**b.      Assistance of Counsel (Grounds Three and Four)**

Phillips's third ground alleges that his Sixth Amendment rights were violated and that "counsel was ineffective for not challenging the government analyst forensics used to determine the actual quantity and purity of drugs used to convict defendant" and his fourth ground contends that "counsel was ineffective for failing to investigate the prior convictions being used to enhance the [Petitioner's sentence]." (Doc. 36 at 5.) It should first be noted that, pursuant to the Rule 11 plea agreement, the conviction entered removed any reference to or requirement for any particular quantity of cocaine so that Phillips would not be subject to the mandatory minimum sentence. (Doc. 19 at 2; Doc. 25 at 8-9.) Therefore, any concern over quantity could only have affected sentencing and not conviction.

I first suggest that these assertions are different from asserting that the plea "was the product of ineffective assistance of counsel" such that the court should inquire into the effectiveness of counsel before enforcing the appellate waiver. *Acosta*, 480 F.3d at 422. I further suggest that these assertions of ineffectiveness relate to post-plea sentencing issues where any ineffectiveness could not effect the validity of the plea and its attendant appellate waiver. *See United States v. Coleman*, No. 07-185-JBC-JGW-2 (crim) & No. 09-7091 (civ), 2010 WL 5173205, at *2 (E.D. Ky. June 7, 2010) (relief should be barred where the plea agreement was entered into knowingly and voluntarily because, "[h]aving received the benefit of his agreement, and having entered into his agreement knowingly and voluntarily, the defendant should not now be permitted to violate that same agreement."). I suggest that Phillips has not asserted any claim of ineffective assistance of counsel that would entitle him to avoid the knowing and voluntary

appellate waiver. I therefore suggest that his motion to vacate should be denied and the Respondent's motion to dismiss should be granted.

**2. Alternative Analysis - Procedural Bar**

**a. Standards**

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears

a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

8

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

**b.     Application**

Since the Sixth Circuit addressed the propriety of his sentence, I suggest that Phillips's third and fourth grounds claiming ineffective assistance regarding his enhanced sentence is procedurally barred. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Phillips has alleged no such exceptional circumstances justifying further review, and the record reveals none.

It could be argued that Phillips's third and fourth grounds were not raised on direct appeal because the Sixth Circuit's ruling focused on the reasonableness of the sentence and because Phillips now argues that counsel was ineffective for failing to challenge the sentence imposed. However, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).[3] I therefore suggest that grounds three and four are procedurally barred.

---

[3]*See also Hestle v. United States*, 426 Fed. App'x 366, 367 (6th Cir. 2011) (distinguishing *Clemons* because it involved a sufficiency of evidence claim and holding that "Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal.").

9

As to grounds one and two, "nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell,* 428 U.S. 465, 477 n.10, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). Moreover, even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States,* 287 F.3d 417, 420 (6th Cir. 2002). Phillips has not even alleged any cause or prejudice to excuse his failure to raise these remaining claims. I therefore suggest that all the claims be dismissed as procedurally barred such that Phillips's motion to vacate should be denied and Respondent's motion to dismiss should be granted.

**D.     Evidentiary Hearing**

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant

10

a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Phillips has not alleged any grounds for relief, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Phillips is not entitled to a hearing on the allegations raised in his motion.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                          s/ Charles E. Binder
                                          CHARLES E. BINDER
Dated: October 9, 2012                       United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Jammy Phillips #42397-039, Gilmer FCI, P.O. Box 6000, Glenville, WV 26351.

Date:  October 9, 2012                    By    s/Patricia T. Morris
                                                      Law Clerk to Magistrate Judge Binder